UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-CR-00141-WTL-DKL |
| | ) | |
| BRANDI KENNEDY, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the December 7, 2012 Order entered by the Honorable William T. Lawrence, designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on December 3, 2012. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on December 7, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On December 7, 2012, Brandi Kennedy appeared in person with appointed counsel, William H. Dazey, Jr. The government appeared by Bradley P. Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Shelly Mckee, U. S. Parole and Probation officer.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Ms. Kennedy was readvised of the nature of the violations alleged against her and acknowledged receipt of the notice of said allegations.

2. A copy of the Petitions for Revocation of Supervised Release were provided to Ms. Kennedy and her counsel, who informed the Court that they had read and understood the violations listed in the Petitions and waived further reading thereof.

3. Ms. Kennedy was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. Ms. Kennedy was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Ms. Kennedy was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. Ms. Kennedy was advised that if the preliminary hearing resulted in a finding of probable cause that Ms. Kennedy had violated an alleged condition or conditions of her supervised release as set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Dazey stated that Ms. Kennedy would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms.

Kennedy executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Ms. Kennedy, through counsel, stipulated that she committed all of the violations as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on December 3, 2012 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | *"The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer."* |
| | On October 4, 2012, a letter was sent to Ms. Kennedy's address instructing her to contact the Jasper County Prosecutor's Office and Jasper County Sheriff's Office in order to address an outstanding warrant that was issued September19, 2012, for failure to appear for a status conference hearing in Cause Number 37D01-1111-CM-001081. She was also instructed to contact this officer and advise how she planned to address this situation. As of November 26, 2012, Ms. Kennedy has failed to provide the information as requested. In addition, she has failed to contact the sheriff's department and prosecuting attorney's office, which confirmed the warrant is still outstanding. |
| 2. | *"The defendant shall notify the probation officer at least ten day prior to any change in residence or employment."* |
| | On November 6, 2012, a home visit was conducted at 6138 Nimitz Drive, Indianapolis, Indiana, with Ms. Kennedy's roommate, who advised Ms. Kennedy was not living at this address full-time. She was unaware of the address where Ms. Kennedy may be staying. Her current whereabouts is unknown. |
| 3. | *"The defendant shall participate in a program of testing and/or treatment for substance abuse as directed by the probation officer."* |
| | Ms. Kennedy failed to report for a random drug screen on August 7, 2012. |
| | Ms. Kennedy failed to attend scheduled substance abuse treatment appointments on September 29, and November 20, 2012. |
| 4. | *"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."* |
| | Ms. Kennedy failed to submit a monthly supervision report for the month of October, which was due by November 5, 2012. |

> 5. *"The defendant shall refrain from any unlawful use of a controlled substance."*
>
> 6. *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."*
>
> 7. *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."*
>
> As previously reported to the Court, on November 22, 2011, Ms. Kennedy provided a drug screen which was confirmed positive for methamphetamine by Alere Laboratory. Subsequent drug screens have tested negative.

9. The Court placed Ms. Kennedy under oath and directly inquired of Ms. Kennedy whether she admitted the violation of the specifications of his supervised release set forth above. Ms. Kennedy stated that she admitted the above violation as set forth above.

10. Counsel for the parties further stipulated to the following:

    a. The most serious grade of violation is Grade B, pursuant to U.S.S.G. § 7B1.1(a)(3).

    b. Mr. Smith has suffered criminal convictions that yield a criminal history category of II.

    c. The term of imprisonment applicable upon revocation of Mr. Smith's supervised release, therefore, is 6-12 months imprisonment. *See*, U.S.S.G. § 7B1.4(a).

11. The parties agreed that the defendant's conditions of supervised release should be MODIFIED to include the following:

    a. Upon release from state custody, the defendant shall notify the U.S. Probation Office for the Southern District of Indiana of her release within 24 hours.

    b. Defendant shall report in person to the United States Probation Office on Mondays, Wednesdays, and Fridays until she is designated to a "halfway house."

    c. Defendant shall reside in a "halfway house" for up to six months as determined by the United States Probation Office for the Southern District of Indiana.

    d. Defendant shall participate in mental health treatment as directed by the United States Probation Office for the Southern District of Indiana.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Brandi Kennedy, violated the above-delineated condition in the Petition.

Ms. Kennedy's supervised release is therefore **MODIFIED** as proposed above.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. The Parties have waived the 14-day appeal rights.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Ms. Kennedy's supervised release.

**IT IS SO RECOMMENDED** this 12/10/2012

                                                  _____
                                                  Denise K. LaRue
                                                  United States Magistrate Judge
                                                  Southern District of Indiana

Distribution:

Bradley P. Shepard
Assistant United States Attorney

William H. Dazey, Jr.
Indiana Community Federal Defender

U. S. Parole and Probation

U. S. Marshal